**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SHANE MITCHELL,
ADC #121150                                                                                                    PLAINTIFF

v.                                        1:14CV00098-KGB-JJV

LANCE BONDS, Sheriff, Mountain
View, Arkansas; *et al*.                                                                                  DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Shane Mitchell, a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action alleging improper conditions of confinement while he was incarcerated in the Mountain View Jail. He submitted an Amended Complaint in accordance with the Court's August 28, 2014, Order (Doc. No. 4). Having reviewed the Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.     SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II. FACTS AND ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In his Amended Complaint, Plaintiff alleges that when he arrived at the Jail on July 17, he was taken to a hospital for treatment of some open cuts on his body. (Doc. No. 5 at 5). The doctor instructed the Deputy to daily clean Plaintiff's cuts; however, from July 18 until July 22, Defendants Revel, McCoy, Branscum, and Cook denied his requests for a shower, and to clean his cuts. (*Id.* at 5-6.) Plaintiff also claims he was not provided medications, toothbrush, toothpaste, or a blanket

for two days. (*Id*. at 6.)[1] He alleges Defendants Bonds and Peirce failed to properly perform their jobs as Sheriff and Chief Deputy, and that they are responsible for what occurs at the Jail. (*Id*. at 6, 8.)

As noted in the Court's August 28, 2014, Order, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511U.S. 825, 834 (1994). In addition, to support a claim for unconstitutional conditions of confinement, Plaintiff must allege the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." *Wilson v. Seiter*, 501 U.S. 294, 298-9 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

The Court finds that the allegations against Defendants do not rise to the level of a constitutional violation. Courts have held that the deprivation of bedding for a limited period of time is not *per se* unconstitutional. *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (sleeping without a mattress or blanket for three days on a concrete slab during the winter did not deny plaintiff the minimal civilized measures of life's necessities); *Seltzer-Bey v. Delo*, 66 F.3d

---

[1] Plaintiff admits he was "forced to get a dirty blanket from another inmate." (*Id*. at 5.)

961, 964 (8th Cir. 1995) (placement in a strip cell without running water, mattress or blanket for two days not unconstitutional absent evidence of an injury or adverse health consequence). In this particular case, Plaintiff's lack of a mattress, blanket, toothbrush, toothpaste, and medications for two days, absent any allegations of injury or adverse health consequences made known to the Defendants, did not violate Plaintiff's constitutional rights.

Similarly, Plaintiff does not allege any injury or adverse health consequences as a result of the lack of a shower for three to four days. To support an Eight Amendment claim for relief against Defendants, Plaintiff must allege they acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The "prisoner must show more than negligence, more even than gross negligence..." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). In this case, even assuming that the cuts on Plaintiff's body were considered a serious medical need, Plaintiff makes no allegations that Defendants acted with deliberate indifference, or that the lack of showers caused him any harm.

Plaintiff's allegations against Defendants Bond and Peirce, that they are responsible for what happens at the Jail, are insufficient to support a claim for relief against them. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff does not allege any knowledge or personal involvement by these Defendants.

Finally, Defendant Stone County Sheriff Department must be dismissed, because it is not considered a person within the meaning of 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210,

1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis,* 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2 This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

DATED this 22nd day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.